## HEWITT *vs.* LOVERING.

A. purchased a quantity of goods of B., and gave his bill on C., at thirty days for the amount, which was protested for non-acceptance. In an action by B. against C., to recover the price, A. was held to be incompetent as a witness for B. to prove that in making the purchase he acted as *the agent* of C.

THIS was an action of *assumpsit*, in which the plaintiff claimed to recover the price of a cargo of lime alleged to have been delivered to one *Charles Spaulding* on the defendant's account.

The lime was put on board the defendant's vessel of which *Spaulding* was Master, but who was sailing the vessel at the time, as the defendant alleged, on shares.

The plaintiff called *Spaulding* as a witness, to prove that he made the purchase as *the agent* of the defendant, who was permitted to testify, though objected to by the defendant's counsel. Whereupon a verdict was returned for the plaintiff which was to be set aside if the witness was improperly admitted, otherwise judgment was to be rendered thereon.

*Farley* and *Abbott,* insisted that *Spaulding* was not a competent witness for the plaintiff, and relied upon *Scott* v. *M'Lellan,* 2 *Greenl.* 199, as conclusive upon the question.

*F. Allen,* for the plaintiff, argued in favor of the competency of the witness, under the exception in favor of agents and factors, and cited *Descadillas* v. *Harris,* 8 *Greenl.* 298; *McLane* v. *Harris,* 8 *Greenl.* 324 ; *Page* v. *Weeks,* 13 *Mass.* 199 ; *Locke* v. *N. A. Ins. Co.* 13 *Mass.* 61; *Rice* v. *Austin,* 17 *Mass.* 197 ; *Fisher* v. *Willard,* 13 *Mass.* 379.

PARRIS J. — Six hundred casks of lime were purchased of the plaintiff, as he says, by the defendant, through the agency of *Charles Spaulding.* The bill was made out by the plaintiff, in the name of *Spaulding,* as purchaser, for which the latter gave the plaintiff his draft for value received. The lime was lost by the perils of the sea, and one question in the case is, can *Spaulding* be admitted as a competent witness, to testify that, in making the purchase, he acted as the agent of the defendant.

It is a familiar principle of the law of evidence, that the testimony of a person who has an interest in giving it, and whose inter-

est consequently conflicts with his duty, cannot be received. There are some exceptions to this rule, but they have arisen from the most urgent necessity and been admitted with great caution. *Starkie* says, the exceptions are rare and seem to be confined to the case of a servant who transacts his master's business, and who, in the usual course of affairs, is the only person who can give evidence for his master. He adds, since the benefit of such testimony is purchased at the price of a departure from a most beneficial and fundamental rule, it is not probable that the Courts would willingly extend this class of exceptions. 1 *Stark. Ev.* 89.

In *Ilderton* v. *Atkinson,* 7 *T. R.* 480, the court admitted an agent as a competent witness, to prove his agency, but it was on the ground, that in any event, he stood indifferent in point of interest between the parties, being liable either to pay the money received to the plaintiff, or refund it to the defendant. Servants and carriers have been held competent to prove the payment or receipt of money, on the delivery of goods, and factors to prove a sale ; but we have not met with a case where a purchaser, standing in the situation of *Spaulding*, has been permitted to relieve himself by throwing the contract upon another person.

*Descadillas* v. *Harris*, cited by the plaintiff's counsel, and *Evans* v. *Williams*, referred to in that case, were clearly distinguishable from this. In each of those cases, the witness was proved, by evidence other than his own testimony, to have been the authorised agent of the person charged. As master, he was authorised to borrow money for the use of the vessel, and he stood *in equilibrio* as to interest, accountable either to the lender, or the owner under whom he was employed. To the witness, therefore, it was a matter of entire indifference which of the litigants succeeded.

*Spaulding's* situation is entirely different. In the first place, if he took the vessel on shares, as was the case of *Thompson* v. *Snow,* 4 *Greenl.* 264, he was placed in the owner's stead during the time the vessel was thus employed, and held no relations to the general owner, either as agent or master, nor was he invested with any authority to bind the general owner, either for cargo or supplies.

Hewitt *v.* Lovering.

In *McBrain* v. *Fortune*, 3 *Campb.* 317, it was held, that in an action for goods sold, a person who entered into a contract for the purchase in his own name, is not a competent witness to prove that he purchased them as the agent of the defendant. *Lord Ellenborough* said, "I do not think *Summers*, the person who made the purchase, can be examined, either on the ground that he is a necessary witness, or that he stands indifferent between the parties. If he was the agent of the defendant, there is no reason why this circumstance may not be proved by other evidence. Then he has a clear interest, without any counterbalance in the event of this action. If it succeeds, the verdict would be evidence for him in an action against himself, to which he is *prima facie* liable." The same principle is recognised as law in *Roscoe on Evidence*, 85 ; 3 *Stark. Ev.* 1648 ; 1 *Phill. Ev.* 100 ; 13 *Petersdorff's Abr.* 746 ; and in *Emerton* v. *Andrews*, 4 *Mass.* 653. *Starkie* says, it has been held that in an action for goods sold to the defendant, and delivered to A. B. at his request, A. B. is not a competent witness for the plaintiff, without a release, and he refers to *Wright* v. *Wardle*, 2 *Campb.* 200. That was an action by an upholsterer, for the price of certain household furniture, supplied to one *Mary Ann Clarke*, at the request and on the credit of the defendant. To prove that the credit had been given to the defendant, the principal witness was *Mrs. Clarke*, herself. But *Lord Ellenborough* held, that she could not be admitted.

In *Shiras* v. *Morris*, 8 *Cowen*, 60, the Supreme Court of *New York* decided that one, who borrows money as the assumed agent of another, drawing a bill upon his pretended principal for the amount, which is protested for non-acceptance, is not a competent witness for the lender, in an action by him against such principal, for the money lent. The court say, "It would seem that the witness must be responsible to the plaintiff, if this action should fail, and of course had a direct interest in the event of the suit."

We think it is so in the case at bar. If the plaintiff recover, it must be on the testimony of *Spaulding*, who will thereby be saved from his liability. If the plaintiff do not recover, *Spaulding* will be liable as drawer of the bill. The inference is, that he is directly interested to support the plaintiff's action, and is not a competent witness.